UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20851-BLOOM/Elfenbein

JENNIFER MELISSA
FREDERICKS TAYLOR,

    Plaintiff,

v.

CARNIVAL CORPORATION, *a
foreign corporation*,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon (1) Defendant Carnival Corporation's ("Defendant") Motion to Compel Arbitration and to Stay ("Motion to Compel"),[1] ECF No. [4]; (2) Plaintiff Jennifer Melissa Fredericks Taylor's ("Plaintiff") Motion to Remand to State Court ("Motion to Remand"),[2] ECF No. [15]; (3) Defendant's Motion to Stay Discovery ("Motion to Stay"),[3] ECF No. [23]; and (4) Plaintiff's Motion to Supplement Exhibits in Support of the Motion for Remand ("Motion to Supplement"),[4] ECF No. [28]. The Motions were referred to Magistrate Judge Marty Fulgueira Elfenbein on May 14, 2025, and May 16, 2025, for a Report and Recommendations ("R&R"), ECF Nos. [24]; [25]. On August 5, 2025, Judge Elfenbein issued an R&R, recommending that the Motion to Compel be granted in part and denied in part, the Motion to Remand be denied, the Motion to Stay be denied as moot, and the Motion to Supplement be

---

[1] Plaintiff filed a Response in Opposition, ECF No. [8], to which Defendant filed a Reply, ECF No. [17].
[2] Defendant filed a Response in Opposition, ECF No. [20], to which Plaintiff filed a Reply, ECF No. [22].
[3] Plaintiff filed a Response in Opposition, ECF No. [26], to which Defendant filed a Reply, ECF No. [27].
[4] Defendant filed a Response in Opposition, ECF No. [30], to which Plaintiff filed a Reply, ECF No. [31].

granted. ECF No. [39].

Defendant filed a Partial Objection to the R&R on August 19, 2025, ECF No. [43], to which Plaintiff filed a Response, ECF No. [46]. The Court has considered the Motions, the R&R, the Objections, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court overrules Defendant's Objections and adopts the R&R in full.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and adopts the procedural history contained in the R&R. Nevertheless, the Court sets forth sufficient background to adjudicate the R&R.

This case arises from a knee injury sustained by Plaintiff while employed as a crewmember aboard the Carnival Breeze, a cruise ship operated by Defendant. ECF No. [1-2] ¶¶ 3, 8-21. Plaintiff seeks to recover damages for personal injuries under maritime law. *Id.* The Employment Agreement ("Agreement") between Plaintiff and Defendant specifies Plaintiff's hourly wage at $1.6071 with a guaranteed monthly wage of $900. ECF No. [4-1] at 1. The Agreement also contains an arbitration provision, requiring all disputes, including "gateway" or threshold issues, be resolved by arbitration ("Delegation Clause"):

> Except for a wage dispute governed by CCL's Wage Grievance Policy and Procedure, any and all disputes, arising out of or in connection with this Agreement or Seafarer's service on the vessel . . . . shall be resolved by final and binding arbitration on an individual basis. In addition, Seafarer agrees to arbitrate on an individual basis any and all disputes regarding the existence, validity, termination or enforceability of any term or provision in this Agreement, including but not limited to this provision to arbitrate. All Arbitration between the parties shall be referred to and finally administered and resolved by National Arbitration and Mediation. . . .

*Id.* at 6 (emphasis omitted).

The provision also explains the allocation of fees and costs between the Parties from any arbitration proceeding ("Fee-Splitting Provision") as follows:

> Each party shall bear its own attorney's fees and costs associated with maintaining an action in arbitration, including, but not limited to, travel, lodging, expert(s) and court reporter(s) fees and costs, regardless of any rules or laws to the contrary. Seafarer and CCL agree to each pay one-half (1/2) of the fees required to initiate arbitration under the terms of this Agreement. The arbitration shall not commence until both parties pay their portion of the required fee. Once arbitration is commenced, CCL shall pay for the [sic] all other reasonable administrative costs of arbitration and fees of the arbitrator as assessed by NAM.

*Id.* (collectively with the Delegation Clause, the "Arbitration Clause").

On November 7, 2024, Plaintiff attempted to submit a demand for arbitration to the National Arbitration and Mediation ("NAM"). ECF No. [8] ¶ 3. Due to the impending expiration of the statute of limitations, on November 7, 2024, Plaintiff simultaneously filed suit in the Eleventh Judicial Circuit in and for Miami-Dade County. *See* ECF No. [1-2]. On November 12, 2024, NAM sent Plaintiff an invoice of $1,500 for "arbitration services." ECF No. [8-3]. The same day, NAM inquired whether Defendant would pay Plaintiff's filing fee and advised that "until such time as [Plaintiff's] filing fee is paid by either [Plaintiff] or [Defendant], the referenced arbitration will not be considered commenced, and NAM will not proceed with the administration of this arbitration. ECF No. [8-2]. On November 25, 2024, Plaintiff told Defendant she was "injured and out of work. [Defendant] is not providing her sick pay or maintenance, and she is destitute and cannot find work in Nicaragua." ECF No. [8-5]. Therefore, she asked Defendant to pay her filing fee and seeks it as a set off at the end of the case. *Id.* On January 10, 2025, NAM advised that because Defendant stated "they will not pay [Plaintiff's] portion of the filing fee on [Plaintiff's] behalf, NAM will administratively close this matter due to nonpayment." ECF No. [8-6]. On January 15, 2025, Plaintiff responded to NAM in writing, copying Defendant's counsel, and explained her inability to pay. ECF No. [8-7]. Plaintiff requested that "either NAM reopen her case

3

and waive or defer" her filing fee until the end of the case. *Id.* at 1. Alternatively, Plaintiff asked that NAM direct Defendant to pay her portion of the filing fee. *Id.* On January 23, 2025, NAM reaffirmed that if the full fee is not paid, it would not proceed with the administration of the arbitration. ECF No. [8-8]. On February 24, 2025, Defendant removed this case to this Court. ECF No. [1].

In the Motion to Compel, Defendant seeks to enforce the Arbitration Clause in the Agreement, arguing that all disputes, including threshold issues, are subject to binding arbitration. ECF No. [4] at 2. In the R&R, Judge Elfenbein recommends that the Motion to Compel be granted in part and denied in part. Specifically, Judge Elfenbein recommends that the Fee-Splitting Provision by severed from the Arbitration Clause, and that Defendant pay for all reasonable administrative costs of arbitration and fees of the arbitrator as assessed by NAM, including initial filing fees. ECF No. [39] at 24-25. Defendant argues that the R&R erred in four ways: (1) in concluding that the Delegation Clause did not "clearly and unmistakably delegate questions of arbitrability concerning access to the forum itself"; (2) Plaintiff did not challenge the Fee-Splitting Provision as it applies to the delegation proceeding specifically; (3) Plaintiff failed to satisfy the effective vindication prongs as applied to the costs of the delegation proceeding; and (4) effective vindication is a public policy defense that is foreclosed at this stage of the proceedings. ECF No. [43]. Plaintiff responds that the Objections are meritless and raise untimely arguments. ECF No. [46].

## II.   LEGAL STANDARD

### A. Objections to R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v.*

*Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to . . . [submit] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, No. 10-cv-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### B. Motion to Compel Arbitration

When a court reviews a motion to compel arbitration, "a summary judgment-like standard is appropriate." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016). A court "may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Id.* (quoting Fed. R. Civ. P. 56(a)). "A factual dispute is 'material' if it would affect

the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). "This court has consistently held that conclusory allegations without specific supporting facts have no probative value" for a party resisting summary judgment. *Bazemore*, 827 F.3d at 1333.

Still, "[t]he party opposing a motion to compel arbitration or to stay litigation pending arbitration has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration." *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1324 (S.D. Fla. 2004); *see also Citi Cars, Inc. v. Cox Enters., Inc.*, No. 17-cv-22190, 2018 WL 1521770, at *4 (S.D. Fla. Jan. 22, 2018). "This burden is not unlike that of a party seeking summary judgment" because "the party opposing arbitration should identify those portions of the pleadings, depositions, answers to interrogatories, and affidavits which support its contention." *Sims*, 336 F. Supp. 2d at 1324; *Bertram v. Beneficial Consumer Discount Co.*, 286 F. Supp. 2d 453, 456 (M.D. Pa. 2003) (finding that in the context of a motion to compel arbitration or to stay litigation pending arbitration, "the court may consider the pleadings, documents of uncontested validity, and affidavits or depositions submitted by either party").

### III. DISCUSSION

Federal courts have jurisdiction to decide motions to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, and, where applicable, under the New York Convention and its implementing legislation, 9 U.S.C. §§ 201-208. *See Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1284 (11th Cir. 2015). Before compelling arbitration, however, the court must determine that it has subject-matter jurisdiction over the dispute and that the arbitration agreement is valid, enforceable, and applicable to the claims at issue. *See Moses H. Cone Mem'l*

*Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). In *Escobar*, the Eleventh Circuit stated that an arbitration agreement is governed by the New York Convention if the following jurisdictional requirements are met:

> (1) the agreement is "in writing within the meaning of the [New York] Convention"; (2) "the agreement provides for arbitration in the territory of a signatory of the [New York] Convention"; (3) "the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial"; and (4) one of the parties to the agreement is not an American citizen.

*Escobar*, 805 F.3d at 1285 (quoting *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 n.7 (11th Cir. 2005)).

Here, Judge Elfenbein found that the Court has jurisdiction to compel arbitration and that the New York Convention governs. ECF No. [39] at 10-11. The Parties do not dispute this finding, and therefore, the Court adopts Judge Elfenbein's recommendation on this matter. *Macort*, 208 F. App'x at 784 ("If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error." (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999))).

**A. The Delegation Clause**

A "delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010). The Supreme Court has recognized that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id.* at 68-69. When a party challenges an arbitration agreement as a whole, instead of the delegation provision specifically, a court must "treat [the delegation provision] as valid . . . and must enforce it . . ., leaving any challenge to the validity of the [a]greement as a whole for the arbitrator." *Id.* at 72. On the other hand, "the federal court must consider the challenge" when a party calls into question the validity of a "delegation provision specifically." *Id.* at 71-72. The

7

court's role "is limited, at least initially, to [plaintiff's] direct challenges to that clause[.]" *Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1303 (11th Cir. 2022) (quoting *Parm v. Nat'l Bank of Ca., N.A.*, 835 F.3d 1331, 1334-35 (11th Cir. 2016)). "[I]f a party successfully challenges the validity or enforceability of a delegation agreement, the court should proceed to resolve any challenges to the validity or enforceability of the parties' primary arbitration agreement[.]" *Id.*

Judge Elfenbein found that Plaintiff's challenge was to the Delegation Clause because Plaintiff "contends that the existence of an arbitral forum is illusory; that is, she cannot get her foot in the door to litigate gateway issues, much less the merits of her claims." ECF No. [39] at 13. Defendant argued that the Delegation Clause required the arbitrator, not the Court, to determine the enforceability of the Fee-Splitting Provision. ECF No. [39] at 11. However, Judge Elfenbein found that the Delegation Clause did not "clearly and unmistakably delegate questions of arbitrability concerning access to the forum itself." *Id.* at 12-13.

Defendant objects and argues that the Delegation Clause contains unmistakably clear language that the parties intended for an arbitrator to determine the enforceability of "any term or provision" in the agreement – including the Fee-Splitting Provision. ECF No. [43] at 4-5. Plaintiff responds that, as Judge Elfenbein found, the Eleventh Circuit's decision in *Parm* controls. ECF No. [46] at 3.

The Court agrees that *Parm* controls this issue. "Challenging a delegation agreement is a matter of substance, not form. A party specifically challenges the validity or enforceability of a delegation agreement if, and only if, the substantive nature of the party's challenge meaningfully goes to the parties' precise agreement to delegate threshold arbitrability issues." *Attix*, 35 F.4th at 1304. "A challenge to the availability of an arbitration forum, such as when an arbitration agreement requires a specific tribal arbitral forum that does not exist, is a challenge to a delegation

8

clause as well as the underlying arbitration agreement." *Wilson v. Carnival Corp.*, No. 24-cv-24894, ECF No. [37] (S.D. Fla. July 24, 2025) (citing *Parm*, 835 F.3d at 1335, 1338).

Judge Elfenbein considered Plaintiff's challenges to the inaccessibility of the arbitral forum due to her inability to pay the initial filing fee. ECF No. [37] at 13-14. Absent from the caselaw cited by Defendant is the requirement that Plaintiff explicitly challenge the Delegation Clause. Rather, as Defendant concedes, the Court must determine whether the challenge "*really is* about the delegation agreement," which "is a matter of substance, not form." *See Attix*, 35 F.4th at 1304 (emphasis in original). As Judge Elfenbein found, Plaintiff's challenge "does not relate to the merits of claims or procedural matters within arbitration" and "centers on access to arbitration in the first instance[.]" ECF No. [39] at 14. As such, the substance of Plaintiff's claims is a challenge to the Delegation Clause and the Court finds Defendant's challenge unpersuasive, including its conclusory argument that the Delegation Clause contains clear enforceability language. Therefore, the Court adopts Judge Elfenbein's finding on this matter.

### B. Effective Vindication Doctrine

Judge Elfenbein recommends that the Court find that "Plaintiff has shown that her financial circumstances and the Fee-Splitting Provision render the Arbitration incapable of being performed under the effective vindication doctrine, making the clause unenforceable." ECF No. [39] at 20. Defendant argues that, even assuming Plaintiff sufficiently raised a challenge to the delegation proceeding, (1) she failed to satisfy the effective vindication prongs as applied to the costs of the delegation proceeding; and (2) effective vindication is a public policy defense based on unconscionability, which is foreclosed at this stage of the proceeding. ECF No. [43].

Defendant first argues that Plaintiff failed to satisfy the effective vindication prongs because she did not put forth any evidence as to how much the delegation proceeding would cost. *Id.* at 10. Defendant argues that Plaintiff has only provided evidence of the cost of an arbitration

on the merits, which "is insufficient when there is a delegation clause at issue" *Id.* "[B]ecause the subject arbitration is a delegation proceeding, the analysis requires Plaintiff to provide evidence of how much the delegation proceeding will cost her." *Id.*

It is unclear why Defendant believes the arbitration on the Delegation Clause is distinct from the arbitration that Plaintiff sought, but was told would not commence unless she paid the $1,500 fee. ECF No. [8-8]. As Plaintiff notes, in Defendant's Motion to Compel, it states it "invokes the second sentence of [Paragraph 9 of the Terms and Conditions]; it requests that the Court compel arbitration so that an arbitrator can decide whether the arbitration provision can be enforced as to whether to arbitrate, the manner in which the Parties will arbitrate, and Plaintiff's underlying claims for damages." ECF No. [4] at 2. Consistent with Plaintiff's argument that arbitration is unavailable to her—even for threshold issues—"Defendant and NAM have maintained that the arbitration shall not commence pursuant to the terms of the Arbitration Agreement until *both* Parties pay their portion of the required fee; thus arbitration has not commenced and cannot commence until Plaintiff pays her initiation fee." ECF No. [39] at 13 (citing ECF Nos. [8-6]; [8-8]; [4] at 7; [4-1] ¶ 9).

In support of its argument that "the effective vindication analysis for a delegation proceeding should be separate and independent of an effective vindication analysis for an arbitration on the merits[,]" Defendant cites a series of cases in which courts have noted that prohibitive costs are "less likely" or "may be more difficult to establish" when the arbitration at issue is not on the merits of a dispute. *See* ECF No. [43] at 10 (citing *Rent-A-Center*, 561 U.S. at 74 ("[T]he unfairness of the fee-splitting arrangement may be more difficult to establish for the arbitration of enforceability than for arbitration of more complex and fact-related aspects of the alleged employment discrimination"); *Andresen v. IntePros Fed., Inc.*, 240 F. Supp. 3d 143, 154

(D.D.C. 2017) ("Such prohibitive costs are less likely to arise in the relatively straightforward context of arbitrating arbitrability . . . ."). The mere fact that, in theory, the cost of an arbitration focused solely on "gateway issues," may be less than an arbitration focused on the merits of a dispute has no bearing on the present case. Defendant fails to address Judge Elfenbein's finding that "Plaintiff has identified the precise cost ($1,500) she is required to pay before arbitration can begin under the Arbitration Agreement's terms and the demands of NAM and Defendant."[5] ECF No. [39] at 18. Defendant has not provided any evidence to support its theory that the cost of a "delegation proceeding" would differ from the cost that is reflected on the invoice NAM sent to Plaintiff. *See* ECF No. [8-3]. As Plaintiff notes, "[t]he issue of the fee dispute was squarely before the arbitral forum, which expressly refused to consider any aspect of the case without advance payment of the disputed $1,500 fee. Neither NAM nor [Defendant] ever suggested that any other fee would be applicable to a 'delegation proceeding[.]'" ECF No. [46] at 9. Given the unambiguous evidence in the record demonstrating that Plaintiff was barred from arbitrating whatsoever—including the enforceability of the Delegation Clause—unless she paid $1,500, the Court adopts Judge Elfenbein's finding that Plaintiff "satisfies the first element [of the effective vindication analysis], proving the exact amount of fees that prohibit her from accessing the arbitration forum." ECF No. [39] at 16.

Defendant also argues that it "will pay for the whole delegation proceeding, so the second factor of the effective vindication analysis[6] is a non-issue." ECF No. [43] at 11. Defendant again

---

[5] The Court addresses Defendant's argument that it is now willing to pay for the entirety of the delegation proceeding below. *See* ECF No. [43] at 11.

[6] Defendant also argues that the R&R's analysis "was incomplete" because it did not consider "the 'expected cost differential' between arbitrating the issue in court or in arbitration; and . . . whether that 'cost differential is so substantial as to deter the bringing of claims.'" ECF No. [43] at 12 (quoting *Musnick v. King Motor Co. of Fort Lauderdale,* 325 F.3d 1255, 1259 (11th Cir. 2003)). However, these elements are quoted in *Musnick* to support the proposition that most Circuits apply

suggests that NAM may charge some other, lower fee for arbitrating the Delegation Clause, which it now expresses a willingness to pay. ECF No. [37] at 6 n.3 ("Perhaps NAM will provide this delegation proceeding complimentary; but, if not, [Defendant] will pay for the delegation proceeding as 'an administrative cost[] of arbitration and fees of the arbitrator.'" (quoting ECF No. [1-1] at 7)).

In its briefing before Judge Elfenbein, Defendant did not point to any evidence in the record to support its argument that "[p]resumably, the cost to initiate the delegation proceedings will be significantly lower (if there is any cost at all)." ECF No. [37] at 6. As recognized, in order for Plaintiff to arbitrate the Delegation Clause, she was required to pay $1,500. See ECF No. [8-8]. Defendant's claim—made for the first time in supplemental briefing ordered by Judge Elfenbein— that it is willing to pay an unknown amount for the "delegation proceeding," which Defendant states, without evidence, is distinct from the invoice provided by NAM—is unavailing. See ECF No. [37] at 6 n.3. Given the fact that Defendant previously declined to pay the $1,500 fee that Plaintiff was billed in order to commence arbitration and that Defendant now asserts "the

---

a "case-by-case approach" in determining whether the costs of arbitration would be prohibitively expensive. As the R&R correctly stated, "a party invoking the effective-vindication doctrine because the cost of arbitration is prohibitively expensive must present evidence of two things: (1) the amount of the fees he is likely to incur; and (2) his inability to pay those fees." ECF No. [39] at 16 (quoting *Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543, 554 (11th Cir. 2016)). Therefore, the R&R conducted the proper analysis. Even if the R&R was required to explicitly consider the cost differential between litigating the issue in court and arbitration, it would not change the Court's conclusion. As Judge Elfenbein properly concluded, Plaintiff "is barred from even accessing the arbitral forum due to her inability to pay [$1,500] upfront." ECF No. [39] at 19. Plaintiff's attorney likely paid the $401 state court filing fee upfront. See ECF Nos. [4] at 3; [39] at 20 n.6. Defendant did not cite to "any legal duty or any legal precedent that would require such an arrangement" with regard to the arbitration initiation fee and Plaintiff submitted a "sworn affidavit provid[ing] detailed evidence of her income, assets, debts, and expenses, which [Defendant] does not meaningfully dispute." ECF No. [39] at 18, 20 n.6. Therefore, the Court concludes that the difference between the $0 upfront cost of litigating in court compared to the $1,500 upfront cost of arbitration is so substantial as to deter Plaintiff from bringing her claims.

12

delegation proceeding would presumably be cheaper given the narrow and streamlined issues involved[,]" Defendant has made clear that it will not be paying the full $1,500 which NAM has said is required to commence arbitration. *See* ECF Nos. [8-3]; [8-8]; [43] at 11. Therefore, the Court adopts Judge Elfenbein's finding that Plaintiff satisfied the second prong of the effective vindication analysis. ECF No. [39] at 20.

Lastly, Defendant argues that the R&R erred by relying on *Suazo* and *Escobar* to apply the effective vindication doctrine at this stage in the proceedings. ECF No. [43] at 14. Defendant states that both cases "declined to definitely decide whether the effective vindication doctrine can be raised under the 'incapable of being performed' clause of Article II." *Id.* Defendant is correct that, in *Suazo*, the Eleventh Circuit stated it has "never determined whether a cost-based effective vindication defense can be raised under the 'incapable of being performed' clause of Article II." However, the Eleventh Circuit nonetheless described the factors which must be satisfied "[i]n order to prevail on a cost-based effective vindication defense in a domestic arbitration case[.]" 822 F.3d at 553-54. Defendant's citations to *Lindo* and *Bautista*, which "make . . . clear [that] 'an unconscionability defense cannot be raised at the arbitration-enforcement stage[,]'" do not address the question left open by *Suazo*, which is whether a cost-based effective vindication defense can be raised under the incapable of being performed clause of Article II. ECF No. [43] at 14 (quoting *Escobar*, 805 F.3d at 1287). As Plaintiff noted, Judge Elfenbein expressly requested supplemental briefing on "whether application of the effective vindication doctrine to the initial fee-splitting provision in the Parties' Arbitration Agreement . . . renders the Arbitration Agreement 'incapable of being performed' by Plaintiff within the meaning of Article II(3) of the New York Convention[.]" ECF No. [36]. Judge Elfenbein determined that although the Eleventh Circuit concluded in *Suazo* and *Escobar* that "the effective vindication doctrine did not apply in each of

13

these cases, the denials were based on fact-specific issues, not on whether a cost-based effective vindication defense can be raised as an Article II defense." ECF No. [39] at 16. Defendant's argument that "Plaintiff's argument and the [R&R] sound in unconscionability[]" is not supported by the record. ECF No. [43] at 15. Defendant agrees that, at this stage in the arbitration-enforcement proceedings, the Court may consider a defense that the arbitration agreement is "incapable of performance." *Id.* at 14 (quoting *Escobar*, 805 F.3d at 1288). The R&R found that "[c]ontrary to the circumstances in *Escobar* and *Suazo*, where the cost-shifting issue might never materialize or could be deferred until after arbitration was finalized, Plaintiff here is barred from even accessing the arbitral forum due to her inability to pay upfront." ECF No. [39] at 19. The Court agrees with the R&R's conclusion that "Plaintiff has shown that her financial circumstances and the Fee-Splitting Provision render the Arbitration Clause incapable of being performed under the effective vindication doctrine, making the clause unenforceable." *Id.* at 20.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The R&R, **ECF No. [39],** is **ADOPTED**.

2. Defendant's Objections, **ECF No. [43],** are **OVERRULED**.

3. Defendant's Motion to Compel Arbitration, **ECF No. [4],** is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims are compelled to arbitration pursuant to the Arbitration Clause, ECF No. [4-1] at 31, ¶ 9, as modified herein. Specifically, the Fee-Splitting Provision is **SEVERED** from the Arbitration Clause as described above, and Defendant shall pay for all reasonable administrative costs of arbitration and fees of the arbitrator as assessed by NAM, including initial filing fees.

4. Defendant's Motion to Remand, **ECF No. [15],** is **DENIED**.

Case No. 25-cv-20851-BLOOM/Elfenbein

5. Defendant's Motion to Stay Discovery, **ECF No. [23],** is **DENIED AS MOOT**.

6. Plaintiff's Motion for Leave to Supplement, **ECF No. [28],** is **GRANTED**.

7. The case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the completion of the arbitration proceedings.

8. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

9. The Parties shall file a joint status report regarding the status of the arbitration proceedings on **December 15, 2025**.

10. The Parties shall also file joint status report within 30 days of completing arbitration, addressing the result of the arbitration and further disposition of the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 15, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record